WIGGINTON, Judge.
Before us is a workers’ compensation appeal wherein the parties, after the appeal was filed, entered into a “Joint Petition and Stipulation for Lump Sum Payment of Compensation and Absolute Discharge of Compensation Pursuant to F.S. 440.-20(12)(a).” The joint petition and stipulation specifically provided that the employee shall receive a lump sum for all compensation benefits past, present, and future, with the exception of future medical benefits, but that the settlement would not affect the medical issues that are presently on appeal, including all attorney’s fees which may be due regarding the litigation pertaining to the medical causation issue, as well as regarding the appeal. As to those latter issues, we hold that competent and substantial evidence supports the deputy commissioner’s findings that claimant’s injuries to his right upper extremity, including his elbow, shoulder, and neck, were causally related to the accident of January 30, 1985, and that it was in claimant’s best interest to continue treatment with Dr. Darrell Burgess. Accordingly, we affirm his order granting continuing medical treatment for injuries to claimant’s right upper extremity, including the elbow, shoulder, and neck, through the office of Dr. Burgess, and directing the employer/carrier to pay claimant future medical and travel expenses relating to those injuries, as well as all medical benefits due from July 28, 1986, the date the carrier deauthorized Dr. Burgess. We approve the award of attorney’s fees to claimant’s attorney. See § 440.34(3)(c), Fla.Stat. (1983). Claimant shall also be entitled to fees on appeal.
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.